SCOTT A. SUROVELL,

      Plaintiff,

v.                          Civil Action No: 3:16CV 203

CELLCO PARTNERSHIP,
*d/b/a Verizon Wireless*

SERVE:      Secretary of the Commonwealth
                Service of Process Department
                P.O. Box 2452
                Richmond, VA  23218

and

TRANS UNION, LLC,

SERVE:      Corporation Service Company, Registered Agent
                Bank of America Center 16th Floor
                1111 E. Main St.
                Richmond, VA 23219
and

EQUIFAX INFORMATION SERVICES, LLC,

SERVE:      Corporation Service Company, Registered Agent
                Bank of America Center 16th Floor
                1111 E. Main St.
                Richmond, VA 23219

and

EXPERIAN INFORMATION SOLUTIONS, INC.,

SERVE:      David N. Anthony, Registered Agent
                Troutman Sanders, LLP
                1001 Haxall Point
                Richmond, VA 23219

                Defendants.

## COMPLAINT

Plaintiff, **SCOTT A. SUROVELL** (hereafter "Plaintiff" or "Mr. Surovell"), by counsel, for his Complaint against Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to 15 U.S.C. §1681 *et seq.* (Federal Fair Credit Reporting Act of "FCRA").

## JURISDICTION

2.     The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) inasmuch as all of the Defendants maintain registered offices within the boundaries of the Eastern District of Virginia, Plaintiff resides within the boundaries of the Eastern District of Virginia, and a significant part of the Plaintiff's claims occurred in the Eastern District of Virginia.

## PARTIES

4.     The Plaintiff, **SCOTT A. SUROVELL**, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5.     Defendant, **CELLCO PARTNERSHIP (doing business as VERIZON WIRELESS.** ("*Verizon*") headquartered in Basking Ridge, New Jersey, is a subsidiary of Verizon Communications, Inc., a foreign corporation, transacting business in Virginia. At all times relevant to this action, Defendant *Verizon* was a "furnisher" as governed by the FCRA.

2

6.      **TRANS UNION, LLC** (*"Trans Union"*) is a corporation authorized to do business in the Commonwealth of Virginia through its registered office in Richmond, Virginia.

7.      *Trans Union* is a "consumer reporting agency," as defined in 15 U.S.C. §1681a(f). *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

8.      *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

9.      **EQUIFAX INFORMATION SERVICES, LLC** (*"Equifax"*) is a limited liability company authorized to do business in the Commonwealth of Virginia through its registered office in Richmond, Virginia.

10.     *Equifax* is a "consumer reporting agency," as defined in 15 U.S.C. §1681a(f). *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

11.     *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

12.     **EXPERIAN INFORMATION SOLUTIONS, INC.** (*"Experian"*) is a corporation authorized to do business in the Commonwealth of Virginia through its registered office in Richmond, Virginia.

13.     *Experian* is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f). *Experian* is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

14. *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

15. Prior to March 2014, Mr. Surovell learned that a Verizon Wireless collection account that did not belong to him was being derogatorily reported on his consumer reports.

16. The identifying address associated with the *Verizon* collection account is in North Chesterfield, Virginia. Mr. Surovell has never resided at this address.

17. On or about March 14, 2014, Mr. Surovell mailed a dispute letter to *Trans Union, Equifax* and *Experian* to dispute the reporting of the *Verizon* account. Mr. Surovell advised that he had tried to deal with *Verizon* directly, to no avail. Mr. Surovell advised that idenfying address associated for this account was an address in which he has never resided.

18. On or about April 7, 2014, *Equifax* forwarded its Investigation Results to Mr. Surovell. *Equifax* advised that it had verified that the disputed *Verizon* collection account belonged to Mr. Surovell. *Equifax* was reporting the *Verizon* account as a derogatory collection account with an unpaid balance of $1,944.00. *Equifax* was further reporting that the account was disputed by the consumer.

19. On or about April 12, 2014, *Trans Union* forwarded its Investigation Results to Mr. Surovell. *Trans Union* advised that new information had been provided regarding the disputed *Verizon* account. *Trans Union* advised that the *Verizon* account

was derogatorily reporting as placed for collection, with a past due with a balance of $1,944.00. *Trans Union* further was reporting that the information was disputed by the consumer.

20.    On or about April 8, 2014, *Experian* forwarded its Dispute Results to Mr. Surovell. *Experian* advised that the disputed *Verizon* account had been updated. The *Verizon* was reporting as an unpaid collection account with a balance of $1,944.00. The account was further reporting as disputed by consumer.

21.    On or about April 24, 2014, Mr. Surovell sent a follow up dispute letter to *Trans Union, Equifax* and *Experian*. Mr. Surovell advised that he had received the response to his dispute, however, the *Verizon* account that did not belong to him was still reporting on his credit report. Mr. Surovell further requested that *Trans Union, Equifax* and *Experian* re-read his attached letter dated March 13, 2014 and conduct a proper investigation.

22.    On or about May 6, 2014, *Experian* forwarded a form letter to Mr. Surovell advising him that it had already investigated the disputed account and the creditor had previously verified its reporting. *Experian* refused to further investigate this account again.

23.    On or about May 21, 2014, *Trans Union* forwarded its Investigation Results to Mr. Surovell. *Trans Union* again advised that new information had been provided. However, to Mr. Surovell's disappointment, the account was still reflected on his *Trans Union* report derogatorily, as in collection with a balance of $1,944.00. The account was reporting as disputed by consumer.

24. Mr. Surovell did not receive a response to his second dispute from *Equifax.*

25. The *Verizon* reporting was inaccurate. The *Verizon* account did not belong to the Plaintiff and must have been mixed within his credit files inaccurately.

26. *Trans Union, Equifax* and *Experian* had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate *Verizon* collection account.

27. *Trans Union, Equifax* and *Experian* prepared and published to third parties multiple inaccurate consumer reports about Mr. Surovell that reflected the derogatory *Verizon* collection account.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### (TRANS UNION, EQUIFAX and EXPERIAN)

28. Mr. Surovell realleges and incorporates all other factual allegations set forth in the Complaint.

29. *Trans Union, Equifax* and *Experian* each violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Surovell's credit reports and credit files it published and maintained concerning Mr. Surovell.

30. As a result of *Trans Union, Equifax* and *Experian's* violations of 15 U.S.C. §1681e(b) Mr. Surovell suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

31.     The violations by *Trans Union, Equifax* and *Experian* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Trans Union, Equifax* and *Experian* were negligent, which entitles Mr. Surovell to recovery under 15 U.S.C. §1681o.

32.     Mr. Surovell is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Trans Union, Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### (TRANS UNION, EQUIFAX and EXPERIAN)

33.     Mr. Surovell realleges and incorporates all other factual allegations set forth in the Complaint.

34.     *Trans Union, Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Mr. Surovell's credit file.

35.     As a result of *Trans Union, Equifax* and *Experian's* violations of 15 U.S.C. §1681i(a)(1), Mr. Surovell suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

36.     The violations by *Trans Union, Equifax* and *Experian* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Trans*

*Union, Equifax* and *Experian* were negligent, which entitles Mr. Surovell to recovery under 15 U.S.C. §1681o.

37.     Mr. Surovell is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Trans Union, Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(2)(A)
## (TRANS UNION, EQUIFAX and EXPERIAN)

38.     Mr. Surovell realleges and incorporates all other factual allegations as set forth in the Complaint.

39.     *Trans Union, Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(2)(A) by failing to provide *Verizon* with all the relevant information regarding Mr. Surovell's disputes.

40.     As a result of *Trans Union, Equifax* and *Experian's* violations of 15 U.S.C. §1681i(a)(2), Mr. Surovell suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

41.     The violations by *Trans Union, Equifax* and *Experian* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Trans Union, Equifax* and *Experian* were negligent, which entitles Mr. Surovell to recovery under 15 U.S.C. §1681o.

42. Mr. Surovell is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Trans Union, Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(4)
### (EXPERIAN, TRANS UNION and EQUIFAX)

43. Mr. Surovell realleges and incorporates all other factual allegations set forth in the Complaint.

44. *Trans Union, Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Mr. Surovell.

45. As a result of *Trans Union, Equifax* and *Experian's* violations of 15 U.S.C. §1681i(a)(4), Mr. Surovell suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

46. The violations by *Trans Union, Equifax* and *Experian* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Trans Union, Equifax* and *Experian* were negligent, which entitles Mr. Surovell to recovery under 15 U.S.C. §1681o.

47. Mr. Surovell is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Trans Union, Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(5)(A)
## (TRANS UNION, EQUIFAX and EXPERIAN)

48. Mr. Surovell realleges and incorporates all other factual allegations set forth in the Complaint.

49. *Trans Union, Equifax* and *Experian* each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Mr. Surovell's credit file or modify the item of information upon a lawful reinvestigation.

50. As a result of *Trans Union, Equifax* and *Experian's* violations of 15 U.S.C. §1681i(a)(5)(A), Mr. Surovell suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

51. The violations by *Trans Union, Equifax* and *Experian* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Trans Union, Equifax* and *Experian* were negligent, which entitles Mr. Surovell to recovery under 15 U.S.C. §1681o.

52. Mr. Surovell is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Trans Union, Equifax* and *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)(1)(A)
## (VERIZON)

53.     Mr. Surovell realleges and incorporates all other factual allegations set forth in the Complaint.

54.     On at least one occasion within the past two years, by example only and without limitation, *Verizon* violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Mr. Surovell's disputes.

55.     When Mr. Surovell mailed her detailed, written disputes and enclosures to the consumer reporting agencies ("CRAs"), the CRAs use a dispute system named, "e-Oscar," which has been adopted by the credit reporting agencies and by their furnisher-customers such as *Verizon*. It is an automated system and the procedures used by the CRAs are systemic and uniform.

56.     When a CRA receives a consumer dispute, it (usually via an off-shore, outsource vendor), translates that dispute into an "ACDV" form.

57.     The ACDV form is the method by which *Verizon* has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

58.     It is extremely rare – certainly less than 1% of the time – that *Verizon* will receive a consumer's dispute sent through the CRAs other than through the e-Oscar system.

59.     On information and belief, Mr. Surovell alleges that to date *Verizon* has never complained to the CRAs about the amount of information it receives regarding a consumer dispute through the e-Oscar system or through ACDVs.

60. If *Verizon* receives a consumer dispute ACDV form, it is aware that it may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

61. Based on the manner in which the CRAs responded to – or did not respond to – each of Mr. Surovell's disputes, representing that *Verizon* had "verified" the supposed accuracy of its reporting, Mr. Surovell alleges that *Trans Union, Equifax* and *Experian* did in fact forward Mr. Surovell's dispute via an ACDV to *Verizon.*

62. *Verizon* understood the nature of Mr. Surovell's disputes when it received the ACDVs from *Trans Union, Equifax* and *Experian.*

63. When *Verizon* received the ACDVs from *Trans Union, Equifax* and *Experian,* it as well could have reviewed its own system and previous communications with Mr. Surovell regarding the fraudulent activity that had occurred with regard to the disputed account.

64. Notwithstanding the above, *Verizon* follows a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all *Verizon* does is review its own internal computer screen for the account and repeat back to the ACDV system the same information *Verizon* already had reported to the CRAs.

65. When *Verizon* receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

66. As a result of *Verizon*'s violations of 15 U.S.C. §1681s-2(b)(1)(A), Mr. Surovell suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

67.     The violations by *Verizon* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Verizon* was negligent, which entitles Mr. Surovell to recovery under 15 U.S.C. §1681o.

68.     The law in this District, the Fourth Circuit, and even nationally has long ago been articulated to require a detailed and searching investigation by a creditor when it receives a consumer's FCRA dispute through a CRA.

69.     *Verizon* was aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding Mr. Surovell's disputes.

70.     *Verizon* has been sued numerous times for its alleged failures to conduct lawful FCRA investigations.

71.     On information and belief, Mr. Surovell alleges that the procedures followed regarding Mr. Surovell's FCRA disputes through e-Oscar were the procedures that *Verizon* intended its employees or agents to follow.

72.     On information and belief, Mr. Surovell alleges that *Verizon*'s employee or agent did not make a mistake (in the way in which he or she followed *Verizon*'s procedures) when he or she received, processed and responded to the ***Trans Union, Equifax*** and ***Experian's*** ACDVs.

73.     On information and belief, Mr. Surovell alleges that *Verizon* has not materially changed its FCRA investigation procedures after learning of its failures in this case.

74.     Mr. Surovell is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Verizon* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(B)
### (VERIZON)

75.     Mr. Surovell realleges and incorporates all other factual allegations set forth in the Complaint.

76.     On one or more occasions within the past two years, by example only and without limitation, *Verizon* violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

77.     As Mr. Surovell detailed in Count Six, *Verizon* has elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

78.     *Verizon* is aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

79.     *Verizon* does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

80.     *Verizon* understood that Mr. Surovell's disputes stated that he had never lived at the the identifying address associated with the reporting of the *Verizon* account and that the account did not belong to him.

81.     Nevertheless, *Verizon* ignored such information and instead simply regurgitated the same identifying information it had previously reported to the CRAs.

82.     As a result of *Verizon*'s violations of 15 U.S.C. §1681s-2(b)(1)(B), Mr. Surovell suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

83.     The violations by *Verizon* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Verizon* was negligent, which entitles Mr. Surovell to recovery under 15 U.S.C. §1681o.

84.     Mr. Surovell is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Verizon* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

Mr. Surovell demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully Submitted,

**SCOTT A. SUROVELL,**

By _Susan M Rath_

Counsel

Leonard A. Bennett, VSB#37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
Email: lenbennett@clalegal.com

Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
Email: srotkis@clalegal.com

*Counsel for Plaintiff*